# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL SEAGRAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-01271 |
| ) | Judge Trauger |
| CORE CIVIC ) | |
| ) | |
| Defendant. ) | |

## M E M O R A N D U M   O P I N I O N

Michael Seagraves is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action *pro se* pursuant to 42 U.S.C. § 1983 against Core Civic, the defendant, seeking damages.[1]

On May 20, 2017, the plaintiff slipped and fell in a puddle of water at the Detention Facility. Doc. No. 1 at 5. There were no caution signs set up to warn inmates of the potential danger. The plaintiff suffered injuries to his lower back, thigh, hip and ribs. *Id*.

According to a Report of the incident, a nurse arrived on the scene to assist the plaintiff. *Id* at 8. The plaintiff was taken to the infirmary in a wheelchair. *Id.* The plaintiff was examined by a nurse and given Tylenol for the pain and some muscle cream. *Id*. Four days later, he returned to the infirmary where x-rays were taken. *Id.*

---

[1] Core Civic, Inc., previously known as the Corrections Corporation of America, is a corporate entity under contract with the Metropolitan Government of Nashville and Davidson County to operate the Detention Facility. As such, it acts under color of state law and may be sued under § 1983. Street v. Corrections Corporation of America, 102 F.3d 810, 814 (6th Cir. 1996).

1

The plaintiff continued to experience a significant amount of pain from his injuries. In July, he was given a walker to help him get around. *Id* at 9. He saw a doctor and was given medication for depression. *Id* at 10. A second set of x-rays was taken of the plaintiff's injuries. *Id.* The plaintiff was also given a back brace and more Tylenol for the pain. *Id* at 11.

The plaintiff claims that he was injured as a result of the defendant's "contributory negligence". He also questions the adequacy of the medical care provided to him.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The plaintiff suggests that the defendant was negligent for failing to post caution signs at the site of the puddle. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 429 U.S. 97, 106 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 475 U.S. 312, 319 (1986)(Eighth Amendment)("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause"); Daniels v. Williams, 474 U.S. 327, 333 (1986)(Fourteenth Amendment). Thus, the plaintiff's claim of negligence is not actionable here.

The plaintiff also questions the adequacy of the medical care provided to him. The Eighth Amendment prohibits cruel and unusual punishment. *See* Wilson v. Seiter, 501 U.S. 294 (1991). Under the holding of Estelle v. Gamble, *supra*, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' .... proscribed by the Eighth Amendment." However, not every claim by a prisoner that he has not received adequate medical care

2

states a violation of the Eighth Amendment. *Id* at 429 U.S. 105. To state a cognizable medical claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.*

In this case, the plaintiff acknowledges that medical personnel at the Detention Facility have attempted to address his medical needs. He simply claims that they have not done enough for him. The plaintiff believes that he should have been seen more by a doctor, that he should have been provided with "support shoes", and that he should have been taken to a free world facility for an MRI. This suggests a difference of medical opinion rather than deliberate indifference. This dispute, then, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Nevertheless, even when some type of care is provided, the Eighth Amendment may be violated if the care is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Terrence v. Northville Regional Psychiatric Hospital, 286 F.3d 834, 844 (6th Cir. 2002). Medical care is considered grossly inadequate if a reasonable doctor under the same circumstances would conclude that his actions were not lawful. Waldrop v. Evans, 871 F.2d 1030, 1034 (11th Cir. 1989). The circumstances as described in the complaint do not rise to that level. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d

693, 703 (6th Cir.2001).

In any event, the only defendant named by the plaintiff is Core Civic, the corporate entity responsible for the operation of the Detention Facility. A claim of corporate liability requires a showing that the plaintiff was injured as a result of an official policy or custom of Core Civic. O'Brien v. Michigan Dept. Of Corrections, 592 Fed. Appx. 338, 341 (6th Cir. 2014); *see also* Mason v. Doe, 2013 WL 4500107 at 1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right"). The plaintiff has made no such showing.

Accordingly, the Court finds that the plaintiff has failed to state a claim against this defendant upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

ENTER this 19th day of October 2017.

_____
Aleta A. Trauger
United States District Judge